JAMES V. ROSS *v.* N. J. WEAVER ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—314.]

**Capacity to Make Will.**

> In a contest of a will on the ground of mental incapacity, the sole
> question to be determined is as to the testator's mental capacity at
> the time the will was executed. The moral character of the tes-
> tator, or the fact that the property is devised to persons other than
> relatives, are not involved in such a case except as such facts bear
> upon the testator's mental capacity.

APPEAL FROM WARREN COURT OF COMMON PLEAS.

March 24, 1881.

OPINION BY JUDGE PRYOR:

After a careful consideration of this record we have been unable
to find any testimony conducing to show either a want of mental
capacity in the testatrix, or the exercise of an undue influence over
her at the time of the execution of the paper purporting to be her
will, by any of the parties in interest. The draftsman of the will,
as well as the other subscribing witnesses, both of whom are intel-
ligent physicians, and one of them the family physician of the de-
ceased, all testify as to her mental capacity and her ability to duly
comprehend what she was doing when she executed the paper in
controversy. One of these physicians, while entertaining no doubt
as to her mental powers, speaks of her having been morally insane,
and if the will was a good will she was competent to make it, and
if not she was incompetent. All of this should have been excluded
from the jury, as it shed no light on the issue they had to try, but
on the contrary was calculated to mislead them. The testatrix
seems to have been so low in her morals as to have kept a house of
prostitution for a number of years, and the principal devisee of the
paper in controversy seems to have been one of her paramours.
Her depravity in this regard may have led the physician to conclude
that she was morally insane, as there is no other fact in this record
upon which to base such a conclusion, and although she may have
been an abandoned woman, she nevertheless had the right to dis-
pose of her estate as she saw proper, and it was simply a question
as to her mental capacity at the time she signed the paper.

There is no evidence that Ross influenced her to make the will,

or that he exercised any improper influence over her in that regard. She had abandoned her family and friends and was leading a life that necessarily estranged her from them, and while a jury might conclude that she ought to have given her estate to her relatives instead of her paramour, this conclusion must be reached from the evidence in the case and not from one's own ideas as to the manner in which the property should have been devised.

The judgment is therefore *reversed* and cause remanded for further proceedings consistent with this opinion.

*J. W. & Geo. R. Gorin, Bush & Porter, J. M. Hines, for appellant. Halsell & Mitchell, for appellees.*